THE HONORABLE JOHN COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABDULKADIR HASSAN and FURHIYA ISMAIL, a married couple, d/b/a KOSHIN FOOD SERVICES,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES of AMERICA,<br><br>Defendant. | NO. C05-1066C<br><br>PLAINTIFFS' MOTION TO COMPEL<br><br>NOTE ON MOTION CALENDAR:<br>Friday, March 10, 2006 |

## I. RELIEF REQUESTED

Plaintiffs respectfully request entry of an order compelling defendant to respond fully to discovery requests central to the issues in this matter. Specifically, plaintiffs request information and documentation regarding (1) the identities of the participants alleged to have "trafficked" with Koshin Food Services ("Koshin") in violation of the Food Stamp Act and (2) the standards defendant employs to determine that transactions evidence trafficking.

Plaintiffs have attempted, at length, to avoid the necessity of filing this motion. Plaintiffs served defendant with their discovery request on October 20, 2005. Reminder emails were sent November 30, 2005 and December 7, 2005. After defendant responded to the discovery on December 7, 2005, we noted that the response was inadequate. Specifically, defendant failed to answer basic questions and it responded incompletely to others. On December 8, 2005, plaintiffs

MOTION TO COMPEL (NO. C05-1066C) - 1
[09901-0001/SL060530.258]

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

outlined their concerns in a letter to defendant. Plaintiffs requested that defendant supplement its response or, in the alternative, meet pursuant to Fed. R. Civ. P. 37. After receiving no response, plaintiffs followed up their letter with multiple emails and telephone calls. Finally, the parties conferred regarding plaintiffs' discovery requests on January 27, 2006. Unfortunately, at the meeting and thereafter, defendant refused to provide the fundamental information needed to resolve the matters at issue in this motion.

Trial is set for July 24, 2006 and discovery must be complete by March 24, 2006 per the case schedule. Plaintiffs intend to depose individuals with knowledge of the matters at issue in this case and desire to have the information sought by this motion in advance of those depositions. Consequently, plaintiffs request that defendant be ordered to provide the information sought within seven days of the Court's decision on this motion. Plaintiffs also request that they be provided twenty days from the Court's decision to conduct necessary depositions.

## II.   BACKGROUND[1]

Plaintiffs own and operate a small grocery store in the White Center area of Seattle, Washington. Greene Decl. ¶ 2. In November 2004, defendant sent a letter to plaintiffs that stated, *inter alia*, "the U.S. Department of Agriculture compiled evidence which indicates that you, doing business as Koshin Food Services, have violated the terms and conditions of the regulations governing the participation as a retailer in the Food Stamp Program (FSP)." *Id.* ¶ 3. Plaintiffs challenged, through the administrative process, defendant's assertion that they had unlawfully trafficked in food stamps, to no avail. *See id.* This case ensued.

Defendants have no direct evidence of trafficking. Instead, the "evidence" compiled against plaintiffs consists of a series of credit card-like transactions that defendant finds

---

[1] This motion is supported by the Declaration of Andrew L. Greene ("Greene Decl.") filed herewith.

MOTION TO COMPEL (NO. C05-1066C) - 2
[09901-0001/SL060530.258]

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

suspicious. *Id.* ¶ 4. Plaintiffs deny that they have trafficked and contend that there are explanations for the transactions that defendant refuses to consider. *See id.*

On October 20, 2005, plaintiffs propounded written discovery to defendant seeking basic information regarding the allegations of trafficking against plaintiffs. *See id.* ¶ 5. The discovery requests included several requests (Interrogatories 5 and 11 and Requests for Production of Documents 9 and 10) for the identities of the food stamp recipients or households that participated in the allegedly unlawful transactions. *Id.* at 10, 13 and 16-17. The requests also included several requests (Interrogatory 10 and Requests for Production of Documents 7 and 11) regarding the standards that defendant used to determine what transactions might be suspicious or constitute evidence of trafficking. *Id* at 13, 15 and 17.

Defendant finally responded to plaintiffs straightforward discovery requests on December 7, 2005. Defendant objected to providing the identity of the persons involved in the alleged trafficking and to providing the standards used to determine what transactions constitute trafficking on the basis of privilege. *See id.* ¶ 6 and at 23, 25, and 26-27. Defendant objects to providing the requested identities on the basis of those persons "privacy right." *See id.*

Plaintiffs promptly wrote a letter to defendant complaining about these objections and requesting a conference. *See id.* ¶ 16 and at 30-31. After repeated follow-up correspondence by plaintiffs, the parties finally engaged in a meet and confer session on January 27, 2006. *Id.* ¶ 6. At that session, plaintiffs offered to execute an appropriate confidentiality order and invited defendant to suggest an alternative. *Id.* Despite these offers, defendant stood on its positions, necessitating this motion. *Id.* However, defendant did send a follow-up email, in which defendant provided citation to the authority on which it was relying to support the privacy objection. *Id.* [2]

---

[2] This same email confirmed that defendant was not utilizing any statistical model to determine that certain transactions were likely "trafficking." Instead, defendant apparently uses what it describes as an "instructed model," which defendant states "basically means that we developed a model of a trafficking transaction based on actual

MOTION TO COMPEL (NO. C05-1066C) - 3
[09901-0001/SL060530.258]

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

## III. ARGUMENT

Based on nothing more than suspicion, defendant has terminated plaintiffs' ability to accept food stamps. Now, defendant has thwarted plaintiffs' attempt to review basic information relevant to the allegations against them. Defendant should be ordered to provide full and complete responses to the discovery requests.

**A. Any Privacy Rights of the Food Stamp Recipients Are Outweighed by Plaintiffs' Need for the Information**

The information requested by plaintiffs is clearly "relevant" to the claims and defenses at issue in this case.

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.
>
> . . .
>
> Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

Defendant relies upon two statutes as a basis for denying plaintiffs access to information regarding the identities of the persons also participating in the allegedly unlawful transactions: the Food Stamp Act, 7 U.S.C. § 2020(e)(8), and the Privacy Act, 5 USC § 552a(b). Neither statute is relevant or probative to the issue here and both have clear exceptions that allow for disclosure of the information sought.

To our knowledge, the Food Stamp Act does not address the disclosure of recipient information in a lawsuit. The provision cited by defendant is not on point. It expressly deals

---

trafficking transactions done by investigators." *Id.* ¶ 7. It also is worth noting that defendant's discovery responses did indicate that it may have at least one witness—Preston Mears—testify at trial on the practices and procedures used by defendant to evaluate food stamp transactions. *Id.* at 21-22. This testimony would be without substance unless the witness revealed how and why transactions are singled out.

MOTION TO COMPEL (NO. C05-1066C) - 4
[09901-0001/SL060530.258]

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

with limits on disclosures between government entities, and it contains exceptions for persons believed to have been involved in unlawful food stamp behavior. That is exactly the situation presented here. By definition, the identities plaintiffs seek are alleged to have trafficked.

Similarly, the Privacy Act contains an express exception to any prohibition on disclosure: "pursuant to the order of a court of competent jurisdiction." 5 U.S.C. § 552a(b)(11). Courts have ruled that the only test for discovery of Privacy Act protected records is relevance under Fed. R. Civ. P. 26(b)(1). *Laxalt v. McClatchy*, 809 F.2d 885, 888-90 (D.C. Cir. 1987). Here, the information requested is clearly "relevant."

Furthermore, defendant has offered no explanation regarding why a standard protective order would not protect the privacy of the persons and issues involved. Plaintiffs even suggested that defendant provide notice to the affected households and allow them to lodge an objection to having their identity provided. Greene Decl. ¶8.[3]

**B.    Defendant Must Reveal the Methodology Used**

Defendant would like to have its cake and eat it too, by concluding that certain transactions evidence trafficking, but refusing to provide the information it uses to reach its conclusion. Presumably, at trial, defendant intends to offer such an explanation; otherwise, its entire defense is "trust us." The information must be provided now so that plaintiff has time to evaluate it and prepare for trial.

Again, if defendant needs a protective order to prevent the information from adversely impacting pending investigations or the methods for future investigations, the same can be crafted. Simply denying plaintiffs access to this central information on a vague claim of confidentiality is not acceptable.

---

[3] Unfortunately, due to delay in trying to resolve this discovery dispute, such a procedure likely could not be used without delay to the current pretrial schedule.

MOTION TO COMPEL (NO. C05-1066C) - 5
[09901-0001/SL060530.258]

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington  98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

## IV. CONCLUSION

For the reasons stated above, plaintiffs request entry of an order compelling discovery in the form of the proposed order lodged herewith.

DATED: February 23, 2006.

>s/ Nicholas P. Gellert, WSBA # 18041
>Andrew L. Greene, WSBA #35548
>**Perkins Coie LLP**
>1201 Third Avenue, Suite 4800
>Seattle, WA 98101-3099
>Telephone: 206-359-8000
>Fax: 206-359-9000
>E-mail: NGellert@perkinscoie.com
>
>Attorneys for Koshin Food Services

MOTION TO COMPEL (NO. C05-1066C) - 6
[09901-0001/SL060530.258]

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

# CERTIFICATE OF SERVICE

On February 23, 2006, I caused to be served upon counsel of record, at the address stated below, via the method of service indicated, a true and correct copy of the following documents:

**Plaintiffs' Motion to Compel**

              <u>X</u>  Via E-filing

Robert Patrick Brouillard
Robert.Brouillard@usdoj.gov

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED at Seattle, Washington, this <u>23rd </u>day of February, 2006.

    <u>s/ Nicholas P. Gellert, WSBA # 18041</u>
    Andrew L. Greene, WSBA #35548
    **Perkins Coie LLP**
    1201 Third Avenue, Suite 4800
    Seattle, WA  98101-3099
    Telephone:  206-359-8000
    Fax:  206-359-9000
    E-mail:  NGellert@perkinscoie.com
    agreene@perkinscoie.com
    Attorneys for Koshin Food Services

MOTION TO COMPEL (NO. C05-1066C) - 7
[09901-0001/SL060530.258]

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington  98101-3099
Phone:  (206) 359-8000
Fax:  (206) 359-9000