THE HONORABLE JOHN COUGHENOUR

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABDULKADIR HASSAN and FURHIYA ISMAIL, a married couple, d/b/a KOSHIN FOOD SERVICES,<br><br>        Plaintiffs,<br><br>  v.<br><br>UNITED STATES of AMERICA,<br><br>        Defendant. | NO. C05-1066C<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF ITS MOTION TO COMPEL**<br><br><br>NOTED ON MOTION CALENDAR:<br>Friday, March 10, 2006 |

## I.    INTRODUCTION

Koshin Food Services' ("Koshin") Motion to Compel was necessary because defendant had refused to provide (1) the identities of the Food Stamp recipients alleged to have "trafficked" with Koshin and (2) the standards employed by defendant in determining that certain transactions evidence trafficking.  Defendant has withheld this information—which is fundamental to Koshin's right to evaluate and contest the evidence presented against it—with no reasonable basis.  Koshin is entitled to an order requiring defendant to provide full and complete responses to the discovery served on defendant in October 2005.

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, Washington  98101-3099
Phone:  (206) 359-8000
Fax:  (206) 359-9000

## II.   ARGUMENT

**A.**     **The Identities of Food Stamp Recipients Alleged to have Trafficked with Koshin Must be Disclosed.[1]**

On October 20, 2005, plaintiffs served defendant with discovery requests, which included several requests, including Interrogatory 11 and Request for Production of Documents 9, for the identities of the food stamp recipients that participated in the transactions alleged to constitute trafficking.  Defendant refused to provide this basic information, relying upon improper and alternative theories to avoid disclosure.  Initially, in its December 7, 2005 discovery responses, defendant claimed that such information was "privileged" and private.

> **ANSWER** [to Interrogatory No. 11]: The identification of individual Food Stamp Recipients or Households is privileged information, the disclosure of which would clearly constitute an invasion of privacy.
>
> . . .
>
> **RESPONSE** [to Request for Production of Documents No. 9]: The identity of individuals and households participating in the Food Stamp Program is privileged information, the disclosure of which would clearly constitute an invasion of privacy.

Declaration of Andrew Greene ("Greene Decl.") ¶ 6, pp. 20-29.[2]

In its opposition, for the first time, defendant makes two new and equally implausible arguments to avoid production.  Neither of defendant's arguments are supported by declaration or legal support.  First, defendant claims "that the State of Washington is the custodian of" the food

---

[1] On March 9, 2006, defendant proposed to produce the identities of the Food Stamp recipients alleged to have "trafficked" with Koshin as requested by plaintiffs' Interrogatories 5 and 11 and Requests for Production of Documents 9 and 10.  Second Declaration of Andrew Greene ("Second Greene Decl.") ¶ 2.  (The Second Declaration of Andrew Greene is filed with this Reply.)  Specifically, defendant proposed to provide the names and addresses associated with the Food Stamp Electronic Benefit Transfer ("EBT") cardholders identified in Interrogatory 11 and Request for Production 9 set forth, in part, above.  *Id.*  Koshin and defendant have attempted to reach agreement on a proposed protective order to facilitate defendant's production of this information.  *Id.*  However, as of March 10, 2006, no agreement exists.  *Id.*  Counsel for Koshin anticipates discussing further with defendant's counsel on March 13, 2006.  *Id.*  Counsel for Koshin will advise the Court if discussions on March 13, 2006 result in mooting part of plaintiffs' Motion to Compel.

[2] The Declaration of Andrew Greene was filed previously with Plaintiffs' Motion to Compel.

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone:  (206) 359-8000
Fax:  (206) 359-9000

stamp recipient information.  Second, defendant claims that the recipient information "is not

relevant."  On each issue, defendant is incorrect and the food stamp recipient contact information

must be provided.

It is irrelevant if "the State of Washington is the custodian of" the food stamp recipient

information.[3]  *See* Def. Opp. to Mot. to Compel ("Def. Opp.") at 2:20-21.  What is at issue is

whether the food stamp recipient information is in defendant's possession or control.  It is.

Defendant has advised plaintiffs' counsel, on multiple occasions, that it has knowledge of the

names and contact information of the food stamp recipients at issue.  Second Greene Decl. ¶ 3.

This is consistent with the defendant's proposed protective order.

> In formal discovery, Plaintiff has asked . . . [that defendant]
> produce . . . [the identities] of persons or households authorized to
> participate in the Food Stamp Program.
>
> . . . [T]he subject requested information which the Defendant is
> making available in the above-entitled action pursuant to this
> Stipulation for Protective Order and Order thereon:
>
> 1.  Pursuant to 5 U.S.C. § 552a(b)(11), the parties reasonably believe
> the information requested, i.e., the names and addresses of Food Stamp
> Electronic Benefit Transfer (EBT) cardholders, is discoverable under
> the standard provided by Fed. R. Civ. P. 26(b)(1) and, therefore, those
> materials may be disclosed subject to a protective order. . .

Second Greene Decl. ¶ 4.

Similarly, the identities of the food stamp recipients are clearly "relevant."  Under the

liberal standard for relevance, all plaintiffs must show is that the identities of the recipients may

be "relevant to [a] claim or defense."  Fed. R. Civ. P. 26(b)(1).  The information requested

clearly meets that standard.  Plaintiffs need information from the food stamp recipients—Koshin

customers—to disprove defendant's unsupported conclusion that Koshin unlawfully trafficked in

---

[3] Interestingly, defendant has never before argued that it *cannot* disclose the information requested because
the information is in the State of Washington's possession or control.  Nor is defendant's statement supported by
affidavit or declaration.  However, Koshin will, if necessary, issue a subpoena to the State of Washington.

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone:  (206) 359-8000
Fax:  (206) 359-9000

food stamps. It is difficult to imagine any piece of information more fundamental to Koshin's right to dispute and rebut defendant's allegations.

Finally, "the Privacy Act" does not protect the information requested. Defendant apparently recognizes this, having cited no case to support its single statement to the contrary. As noted in the Motion to Compel, courts have ruled that the only test for discovery of Privacy Act protected records is relevance under Fed. R. Civ. P. 26(b)(1). *Laxalt v. McClatchy*, 809 F.2d 885, 888-90 (D.C. Cir. 1987). Here, the information is relevant and defendant cannot properly avoid production by vague claims of Privacy Act protection.

The food stamp recipient information must be provided. It is relevant to the adjudication of this dispute. Defendant identifies no legal or factual basis to avoid disclosure.

**B.** **Defendant Must Disclose the Standards it Employs in Determining that Certain Transactions Evidence Trafficking.**

Defendant must also respond to plaintiffs' Interrogatories and Requests for Production of Documents regarding the standards employed in determining that certain transactions evidence trafficking. On October 20, 2005, plaintiffs requested such information from defendant. Plaintiffs' discovery requests—Interrogatory 10 and Requests for Production of Documents 7 and 11—were simple and unambiguous. However, Defendant refused to answer Interrogatory 10, or provide documents pursuant to Requests for Production of Documents 7 and 11, under a vague claim of privilege.[4]

> **ANSWER** [to Interrogatory No. 10]: FNS instructions regarding investigative techniques constitutes privileged information compiled for law enforcement purposes, the disclosure of which could reasonably be expected to interfere with enforcement proceedings.
>
> . . .

---

[4] Defendant never sought a protective order regarding Interrogatory 10 or Requests for Production of Documents 7 and 11.

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

**RESPONSE** [to Request for Production of Documents No. 7]:  All documents, not already provided to Plaintiffs, including all policies, procedures, and training material related to investigatory techniques, are privileged.

. . .

**RESPONSE** [to Request for Production of Documents No. 11]: Information related to FNS investigative techniques and standards is privileged.

Greene Decl. ¶ 6, pp. 20-29.

Defendant now implies in its Opposition that the FNS employs *no* standards, policies, procedures, training material, or other documents in concluding that certain transactions evidence Food Stamp Program violations.  *See* Def. Opp. at 2:3-7, 12-15.  Instead, defendant claims that FNS employees analyze "Electronic Benefit Transfers looking for a pattern of irregular and/or inexplicable transactions recorded by the EBT system which indicate[s] to knowledgeable reviewers that [ ] violations were likely occurring."  Def. Opp. at 2:4-6 (internal citations and quotations omitted).

Thus, based upon defendant's own explanation, FNS employees decide which EBT transactions to review and which stores to investigate.  *See id.*  FNS employees—of varying background, dispositions, experience, training, and education—also apparently reach conclusions as to which transactions are "irregular and/or inexplicable transactions" and which transactions indicate that "violations were likely occurring" on their own accord, with no objective or quantifiable standards set forth or enforced by the FNS.  *See* Def. Opp. at 2:4-6 (internal citations and quotations omitted).

If defendant's assertions are correct, defendant still evidences a misunderstanding of the discovery rules.  Pursuant to Fed. R. Civ. P. 33 and Fed. R. Civ. P. 34, defendant must answer fully Interrogatory 10 and produce documents pursuant to Requests for Production of Documents 7 and 11.  If defendant's Opposition is correct, and the FNS employs *no* standards, policies, procedures, training material, or other documents in investigating EBT transactions for alleged

**Perkins Coie** LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone:  (206) 359-8000
Fax:  (206) 359-9000

Food Stamp Program violations, then defendant must state as such in a written response to

Interrogatory 10.

> (1) Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable.

> (2) The answers are to be signed by the person making them . . .

Fed. R. Civ. P. 33(b).[5]

Defendant must answer Interrogatory 10 cited above and state that the FNS has no

"policies, procedures, training material, [or] other documents relating to the FNS' analysis of

Electronic Benefit Transfer ("EBT") transactions."  Plaintiffs also request that the Court hold

defendant to its implausible assertion regarding the FNS' apparent lack of objective standards in

determining when and if trafficking has occurred.

### III.   CONCLUSION

For the foregoing reasons, we respectfully request the Court grant the motion.  A

proposed order was previously submitted.

DATED:  March 10, 2006.


<u>s/ Andrew L. Greene, WSBA #35548</u>
Nicholas P. Gellert, WSBA # 18041
Andrew L. Greene, WSBA #35548
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Telephone:  206-359-8000
Fax:  206-359-9000
E-mail:  NGellert@perkinscoie.com

Attorneys for Koshin Food Services

---

[5] Defendant must also certify that no documents exist in response to plaintiffs' Requests for Production of Documents 7 and 11.

REPLY IN SUPPORT OF MOTION TO COMPEL
(NO. C05-1066C) - 6
[57669-0001/SL060660.274]

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington  98101-3099
Phone:  (206) 359-8000
Fax:  (206) 359-9000

## CERTIFICATE OF SERVICE

On March 10, 2006, I caused to be served upon counsel of record, at the address stated below, via the method of service indicated, a true and correct copy of the following documents:

**Plaintiffs' Reply in Support of its Motion to Compel**

Robert Patrick Brouillard                    **X**      Via E-filing
Robert.Brouillard@usdoj.gov

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED at Seattle, Washington, this 10th day of March, 2006.

s/ Andrew L. Greene, WSBA #35548
Nicholas P. Gellert, WSBA # 18041
Andrew L. Greene, WSBA #35548
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: 206-359-8000
Fax: 206-359-9000
E-mail: NGellert@perkinscoie.com
agreene@perkinscoie.com
Attorneys for Koshin Food Services

REPLY IN SUPPORT OF MOTION TO COMPEL
(NO. C05-1066C) - 7
[57669-0001/SL060660.274]

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000